**MILMAN LABUDA LAW GROUP PLLC**
3000 MARCUS AVENUE
SUITE 3W8
LAKE SUCCESS, NEW YORK 11042

TELEPHONE (516) 328-8899
FACSIMILE (516) 328-0082

† Also admitted in New Jersey

Author: Joseph M. Labuda – Member†
Direct E-Mail Address: joelabuda@mllaborlaw.com
Direct Dial: (516) 303-1380

<u>Via ECF</u>

May 29, 2013

Hon. James Orenstein, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East.
Brooklyn, NY 11201

    Re:    Susan Lema, et. al. v. Mugs Ale House Bar, et. al.
           Case No. 12 CV 2182
           <u>MLLG File No.: 87-2012</u>

Dear Judge Orenstein:

    This law firm represents the Defendants, in the above-referenced matter. The instant action is a wage and hour case. Defendants respectfully submit this letter as their Motion for a Protective Order precluding Plaintiffs from inquiring about or obtaining tax returns and other financial records. We attempted to resolve this disclosure issues with opposing counsel via telephone but where ultimately unsuccessful and request the court to intervene.

    Pursuant to FRCP 26(c), this Court may issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding the disclosure or discovery; or forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. FRCP 26(c)(1)(A), (D). The appropriateness of a protective order is a balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought. <u>Mitchell v. Fishbein</u>, 227 F.R.D. 239, 245 (S.D.N.Y. 2005). The Court has broad discretion in issuing a protective order. <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). See also <u>Kryszak v. Chase Bank USA, N.A.</u>, 2008 U.S. Dist. LEXIS 24323 at *9 (W.D.N.Y. March 26, 2008).

**<u>Tax returned should not be produced</u>**

    Courts have developed a "qualified privilege… that disfavors the disclosure of income tax returns as a matter of general federal policy." <u>Eastern Auto Distribs., Inc. v. Peugeot Motors of Am., Inc.</u>, 96 F.R.D. 147, 148-49 (E.D. Va. 1982) (citations omitted). See William A. Edmundson, Note, *Discovery of Federal Income Tax Returns and the New "Qualified" Privileges*, 1984 DUKE L.J. 938 (1984) (tracing the development of this quasi-privilege). Courts have been reluctant to require disclosure of tax returns because of both "the private nature of the

sensitive information contained therein" and "the public interest in encouraging the filing by taxpayers of complete and accurate returns." Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979). Disclosure is appropriate "only if, on balance, the federal policy of liberal discovery outweighs the policy of maintaining the confidentiality of tax returns." Hazeldine v. Beverage Media, No. 94 Civ. 3466, 1997 U.S. Dist. LEXIS 8971, 1997 WL 362229, at *4 (S.D.N.Y. June 27, 1997); accord Raba v. Suozzi, No. CV 06-1109, 2007 U.S. Dist. LEXIS 1567, 2007 WL 81932, at *1 (E.D.N.Y. Jan. 9, 2007). Accordingly, a court will order disclosure when (1) the returns are relevant to the subject matter of the action and (2) there is "'a compelling need for the returns because the information contained therein is not otherwise readily available.'" Id. (quoting Securities & Exchange Commission v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y. 1985)); accord Raba, 2007 U.S. Dist. LEXIS 1567, [WL] at *1. "While the party seeking disclosure of the tax returns bears the burden of establishing relevance, the party resisting disclosure should bear the burden of establishing alternative sources for the information." United States v. Bonanno Organized Crime Family of La Cosa Nostra, 119 F.R.D. 625, 627 (S.D.N.Y. 1988).

Here, using the two-step analysis that courts have employed regarding disclosure of tax returns, it is clear that Plaintiffs would not be entitled to this disclosure by Defendants, because there is no compelling need for such information.[1] As noted above, the instant action concerns a claim for unpaid overtime wages. As such, Defendants tax returns would not assist in any way determining how much, if anything, Plaintiffs are owed in unpaid overtime. As such, Plaintiffs' requested disclosure is *irrelevant* as to whether Plaintiffs were properly paid their overtime wages, which is the first factor in this test.

The second prong of the test for disclosure is whether the information is readily available elsewhere. Defendants contend that information regarding Plaintiffs W-2's is widely available and in actuality, are already in Plaintiffs' possession (see attached documents labeled Plaintiff 0004 and Plaintiff 0006; Gonzalo Sumba's and Flavio Lema's 2008 W-2's respectively). Moreover, such information is obtainable from other sources—an individual has the right to request their W-2's from the government. Thus, put another way, the needs of Plaintiffs (the requesting party), for this information are minimal. By contrast, the protectable interests of Defendant (the party from whom disclosure is sought) are quite high. Because this information is obtainable from other sources, Plaintiffs have no *compelling* need for this information, which goes to the second factor in this analysis. As noted above, the courts have taken an interest in preserving the "sensitive information" in a tax return. See Smith v. Bader (supra). Yet, courts should treat disclosure of information about taxes the same as disclosure of actual tax returns. Otherwise, if the Plaintiffs in the instant action were permitted to ask at depositions the aforementioned questions concerning wages and taxes, the same sensitive information in tax returns which courts have sought to protect would be obtained by Plaintiffs through a back door mechanism! While questions with regard to how employees were paid may appear on their face to be innocuous, Plaintiffs are asking these questions as part of a larger examination which could unfairly prejudice Defendant. In addition, Defendants' accountant does not possess firsthand knowledge of what Plaintiffs were compensated throughout their employment with Defendants. Only the Plaintiffs and Defendants are privy to such information, yielding the accountant's deposition meritless and without basis. Therefore, because Defendant's protectable interests with regard questions of this nature are quite high, while Plaintiffs' litigation needs are minimal, the Court should issue a Protective Order pursuant to Rule 26(c). Based on the foregoing, Plaintiffs simply cannot meet the heightened burden of disclosure of tax information.

---

[1] Defendants stipulate that during the relevant time period, Mugs Ale House Bar earned over $500,000 per annum and therefore is subject to the provisions of the Fair Labor Standards Act (FLSA).

Additionally, it should be noted that one of the Plaintiffs—Gonzalo Sumba, has invoked his Fifth Amendment privilege in reference to disclosure of his own income tax returns at his deposition. Falling in line with the aforementioned equal access reasoning, it would defy logic to conclude that Mr. Sumba should be entitled to Defendant's income tax return information. Mr. Sumba's invocation of the privilege should serve to cut both ways and preclude disclosure even in the event that this Court finds such disclosure relevant and compelling.

### Other financial documents should not be produced

Furthermore, Plaintiffs have requested numerous documents which are burdensome, untailored and are outside the scope of the litigation. For example, Plaintiffs have designated the relevant time period for disclosure of documents as January 1, 2005 through December 31, 2012 (see attached Subpoena), however the statute of limitations for the state claims contained therein is six (6) years. Consequently, Plaintiffs request of documents during an eight (8) year period is overbroad outside the relevant time frame. Plaintiffs request for Defendants' Form 941s are overbroad. Plaintiffs request for Defendants' general ledgers, cancelled checks, bank statements, petty cash journals, etc, are absurdly intrusive, overbroad, and unfairly prejudicial. It goes without saying that Plaintiffs request for NYS 45's and W-2's, which are not limited to Plaintiffs only, but rather include all of Defendants employees is overbroad, burdensome and irrelevant.

In the alternative, if the Court were to deny this Motion (which it should not do), Defendant's contend that they should have equal access to Plaintiff's tax returns, even if this request was not contained within the initial disclosures. Equal access to such records would ensure that Plaintiff's intention is not to unduly burden Defendant and would balance the protectable interests of each party.

Balancing the protectable interests of Defendant in preserving from disclosure the information sought by Plaintiffs, against Plaintiffs' need for this information, it is clear that Defendant has shown good cause for a protective order. The information for which Defendant seeks a protective order is irrelevant to this action; Plaintiffs have no compelling need for this information other than to threaten, harass and annoy Defendant. Moreover, for all of the reasons stated above, Defendant's interests in protecting this information are quite high. Therefore, this Court should grant Defendant's motion for a protective order in its entirety.

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/
Joseph M. Labuda

cc: Craig Ceplar (via ECF)
Ed Berestecki (client via email)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# United States District Court
## *Eastern District of New York*

FLAVIO LEMA, MANUEL ZUMBA,
GONZALO SUMBA and CHRISTIAN PINEDA

**SUBPOENA IN A CIVIL CASE**

v.

MUGS ALE HOUSE BAR and EDWARD
BERESTECKI

CASE NUMBER: 12 cv 2182 (PKC) (JO)

TO: Michael Serrapica, CPA

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Yankwitt & McGuire, LLP, 140 Grand Street, Suite 501, White Plains, New York 10601 | 5/29/13 at 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE | DATE AND TIME |
| --- | --- |
| Yankwitt & McGuire, LLP, 140 Grand Street, Suite 501, White Plains, New York 10601 | 5/22/13 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] Attorney for Plaintiffs | 5/14/13 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Craig M. Cepler, Yankwitt & McGuire, LLP, 140 Grand St., Suite 501, White Plains, NY 10605

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Next Page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information

_____
_____
_____

on _____     _____
   DATE                               SIGNATURE OF SERVER

                                      _____
                                      ADDRESS OF SERVER

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

For purposes of this Subpoena, the following definitions apply:

1. The uniform definitions and rules of construction set forth in Rule 26.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference and apply except as to the definitions set forth below.

2. "Mugs Bar" refers to Beres Bar & Pub, Inc. and Mugs Ale House Bar.

3. "Document" means "document" and "electronically stored information" as defined in Federal Rule of Civil Procedure 34(a), including, without limitation, any and all writings, personal notes, electronic mail or "e-mail," cablegrams, telexes, facsimiles, telegrams, studies, calendars, day-timers, diaries, appointment books, agendas, minutes, notes, instructions, demands, schedules, data, notices, drafts, pamphlets, envelopes, voicemail messages, bulletins, photostats, graphs, maps, charts, sketches, diagrams, drawings, plans, specifications, manuals, contracts, agreements, appraisals, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries, records or minutes of meetings or conferences, lists, publications, journals, ledgers memoranda, notepads, notebooks, post cards, "post-it" notes, tabulations, analyses, evaluations, opinions or reports of consultants or experts, projections, work papers, summaries, reports, surveys, studies, logs, message slips, billing records, invoices, purchase orders, checks (front and back), confirmations, correspondence, letters, interoffice communications, brochures, advertising, packaging or promotional materials, financial or statistical statements or compilations, balance sheets, accounting entries, tax returns, loan documents, publications, articles, books, photographs, video recordings, audio recordings, speeches, transcripts, microfiche, microfilms, films, computer programs, printouts, computer

disks or diskettes, hard drives, software, and all recordings made through data processing and/or computer techniques, and the written information necessary to understand and use such materials, and all other written or graphic material of any nature whatsoever, in your possession or control. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all attachments, whether by staple, clip, rubber band or binding, and all appended or embedded links or files. The term "document" includes communications.

4. The singular includes the plural and vice versa. The masculine includes the feminine and neuter genders, and vice versa. The past tense includes the present tense where the clear meaning is not distorted by a change of tense.

5. "Relevant Period" is the time period from January 1, 2005 through December 31, 2012. The Relevant Period includes any documents created after December 31, 2012 if created for the tax year which includes December 31, 2012. The Requests shall be construed to refer to the Relevant Period unless otherwise indicated.

6. Reference to any entity includes each of its officials, officers, directors, partners, employees, consultants, agents, attorneys, or other persons acting or purporting to act on behalf of the foregoing, whether currently or formerly employed or retained in these capacities.

## DOCUMENTS REQUESTED

1. Copies of all documents relating to Mugs Bar in your possession including, but not limited to, federal and state income tax returns; federal and state payroll tax returns including Form 940s ("Employer's Annual Federal Unemployment (FUTA) Tax Return"), Form 941s ("Employer's QUARTERLY Federal Tax Return"), Form NYS-45s ("Quarterly Combined Withholding, Wage Reporting, And Unemployment Insurance Return"), Form W-2s ("Wage and Tax Statement"), Form W-3s ("Transmittal of Wage and Tax Statements"), and Form 1099s;

payroll records such as individual earnings records; payroll journals; payroll books and summaries; general ledgers and supporting ledgers and journals; disbursement records for all cash and cash payments such as check registers, cancelled checks, bank statements, check stubs, cash books, disbursement journals and petty cash journals. To the extent any of the requested documents are filed or otherwise apply to only one individual, this Request shall be construed to include only Flavio Lema and Gonzalo Sumba.

2. Copies of all documents required under the New York Wage Theft Prevention Act, including the Notice of Pay Rate and Payday, supplied to and/or signed by Flavio Lema or Gonzalo Sumba.

3. Copies of all documents reflecting withholding from the amounts paid to Flavio Lema and Gonzalo Sumba for federal and state tax filings and the payment of such withheld amounts to the applicable taxing authorities.

| | | | |
|---|---|---|---|
| c Employer's name, address, and ZIP code<br>BERAS BAR & PUB INC.<br>125 BEDFORD AVE<br>BROOKLYN   NY 11211 | b Employer identification number (EIN)  11-1118583 | | Form **W-2**<br>**Wage and Tax Statement**<br>**2008** |
| | 1 Wages, tips, other comp.  26000.00 | 2 Fed inc tax withheld  149.36 | 3 Social security wages  26000.00 |
| | 4 SS tax withheld  1612.00 | 5 Medicare wages & tips  26000.00 | 6 Medicare tax withheld  377.00 |
| | 7 Social security tips | 8 Allocated tips | 9 Advance EIC payment |
| d Control No. | 10 Dependent care benefits | 11 Nonqualified plans | 12a |
| e Employee's name, address, and ZIP code   Suff.<br>GONZALO V   SUMBA | 13 Statutory employee ☐  Retirement plan ☐  Third-party sick pay ☐ | 14 Other  NY-SDI  31.20 | 12b<br>12c<br>12d |
| | | | Copy C For EMPLOYEE'S RECORDS. (See Notice to Employee.) |
| 15 State  Employer's state ID No.<br>NY  113118583 3 | 16 State wages, tips, etc  26000.00 | 17 State income tax  591.12 | 18 Local wages, tips, etc  26000.00 |
| | | 19 Local income tax  396.24 | 20 Locality name  NY - C1 |

PLAINTIFF 0004

**Form W-2 Wage and Tax Statement 2008**

Copy C For EMPLOYER'S RECORDS (See Notice to Employee.)

| | |
|---|---|
| a Employee's SSN | [redacted] |
| b Employer identification number (EIN) | 11-3118583 |
| c Employer's name, address, and ZIP code | BERES BAR & PUB INC.<br>125 BEDFORD AVE<br>BROOKLYN NY 11211 |
| d Control No. | |
| e Employee's name, address, and ZIP code | FLAVIO LEMA<br>BROOKLYN NY 11211 |

This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

| | | |
|---|---|---|
| 1 Wgs, tips, other compn: 26000.00 | 2 Fed inc tax withheld: 810.16 | 3 Social security wages: 26000.00 |
| 4 SS tax withheld: 1612.00 | 5 Medicare wages & tips: 26000.00 | 6 Medicare tax withheld: 377.00 |
| 7 Social security tips | 8 Allocated tips | 9 Advance EIC payment |
| 10 Depdnt care benefits | 11 Nonqualified plans | 12a |
| 13 Statutory employee ☐ Retirement plan ☐ Third-party sick pay ☐ | 14 Other: NY-SDI 31.20 | 12b<br>12c<br>12d |

| 15 State | Employer's state ID No. | 16 State wages, tips, etc. | 17 State income tax | 18 Local wages, tips, etc. | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| NY | 113118583 3 | 26000.00 | 708.76 | 26000.00 | 473.20 | NY - C1 |

PLAINTIFF 0006